FRANCES KAUFMAN, PLAINTIFF-APPELLANT, v. BERNARD KAUFMAN, DANIEL KAUFMAN AND DORIS TERR, EXECUTRIX OF THE ESTATE OF ALVIN KAUFMAN, DECEASED, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted September 25, 1978—Decided October 3, 1978.

Before Judges FRITZ and BISCHOFF.

*Mr. Norman Mesnikoff*, attorney for appellant.

Respondents Bernard Kaufman, Daniel Kaufman and Doris Terr, did not file briefs.

The opinion of the court was delivered by

BISCHOFF, J. A. D. The sole issue raised by this appeal is whether a widow's dower interest should be paid out of the general assets of the estate of the deceased husband or out of the proceeds of the sale of a home to which the dower interest attached prior to the satisfaction of an existing mortgage executed by the husband after marriage without the wife's consent.

Plaintiff Frances Kaufman married Alvin Kaufman on May 29, 1969. On July 2, 1971 title to the premises in question was taken in the sole name of Alvin Kaufman, subject to a purchase money mortgage. A second mortgage was recorded on September 2, 1975, two days after the death of Alvin Kaufman. The second mortgage was given as security for sums advanced to Alvin Kaufman during his lifetime.

The estate was involved in the litigation of issues not pertinent to this appeal and, while the litigation was pending, the subject property was sold, the first mortgage satisfied and the remaining proceeds paid into escrow.

Following a trial, a proposed form of judgment was submitted in which the dower was admeasured at $5,503. The attorney for the plaintiff sought to have the judge incorporate in the judgment a direction that the dower interest

so admeasured be paid out of the proceeds of the sale of the real estate. The judgment was signed without such a direction contained in it and the appellant prosecutes this appeal from that part of the final judgment "which failed to order that the gross sum in lieu of dower awarded to plaintiff, Frances Kaufman, be paid out of the proceeds of the sale of the real estate owned by her late husband at the time of his death and acquired by him during the marriage prior to the payment of a second mortgage executed by said deceased husband over three years after said real estate was acquired \* \* \*."

The issue is one of priorities. The proceeds of the sale of the real estate are insufficient to satisfy both the dower interest and the second mortgage. If the dower interest is paid out of the proceeds of sale first, the second mortgage will not be paid in full. There are no general assets in the estate.

Dower has been a favorite of the law since earliest times. "Attempts to subvert or thwart a widow's dower [are] closely and harshly scrutinized." *Shilowitz v. Shilowitz,* 115 *N. J. Super.* 165, 173 (Ch. Div. 1971), aff'd 119 *N. J. Super.* 311 (App. Div. 1972), certif. den. 62 *N. J.* 72 (1972). Dower has been established as our legislative policy since 1799 and is now provided for by *N. J. S. A.* 3A:35-1 *et seq.* 115 *N. J. Super. Id.* at 173.

It is the general rule that a wife acquires a right of dower in her husband's lands subject to mortgages existing thereon at the time the husband took title or to a mortgage subject to which he took title, mortgages existing prior to the marriage, mortgages in which she has joined and purchase money mortgages. 7 *Clapp, N. J. Practice, Wills and Administration,* § 1656 at 371 (3 ed. 1962); 25 *Am. Jur.* 2d, *Dower and Curtesy,* § 107 at 164 (1966). And, while a husband has the unquestioned right to mortgage his own property after he is married without his wife's consent (as here), such a mortgage is subject to the wife's right of dower, 9 *Thompson, Real Property,* § 4683 at 116 (1958),

and the wife's rights are superior to those of the mortgagee. *Id.* at 117.

New Jersey cases have followed the general rule where the issue concerns the priority as between dower and a mortgage executed by the husband, without the wife's joinder, after marriage on property in the husband's name. *Corradini v. V. & M. Holding Corp.,* 34 *N. J. Super.* 427, 432–433 (Ch. Div. 1955).

In *Gerhardt v. Sullivan,* 107 *N. J. Eq.* 374, 376 (Ch. 1930), it was held that "a widow is entitled to have her dower assigned free of incumbrances created by the husband to secure his debts and . . . his personal estate is charged with the duty of exonerating the land."

Other cases holding that a widow's dower interest is prior to a mortgage executed by the husband after marriage without the consent of the wife are: *Potter v. Watkins,* 104 *N. J. Eq.* 13, 14 (Ch. 1928); *Radley v. Radley,* 78 *N. J. Eq.* 170, 172 (Ch. 1910); *Campbell v. Campbell,* 30 *N. J. Eq.* 415, 416 (Ch. 1879); *Hayes v. Whitall,* 13 *N. J. Eq.* 241, 244 (Ch. 1861); *cf. Hinchman v. Stiles et al.,* 9 *N. J. Eq.* 361, 362–363 (Ch. 1853).

We hold that the judgment entered in the Chancery Division should have provided that the net proceeds of the sale of the premises remaining after the satisfaction of the first mortgage should first be applied to satisfy the widow's dower interest and any sums remaining thereafter applied to satisfy the second mortgage.

The judgment is accordingly reversed, but only to the extent that it was silent as to how the proceeds of the escrow resulting from the sale of the lands were to be applied. The matter is remanded for the entry of a judgment, modified as indicated, and for further proceedings consistent herewith.